Aaron Kaufmann, SBN 148580
Elizabeth Gropman, SBN 294156
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169/ Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
egropman@leonardcarder.com

Peter Rukin, SBN 178336
Valerie Brender, SBN 298224
RUKIN HYLAND & RIGGIN, LLP
1939 Harrison Street, Suite 290
Oakland, CA  94612
Telephone:  (415) 421-1800
Facsimile:   (415) 421-1700
prukin@rukinhyland.com
vbrender@rukinhyland.com

*Attorneys for PLAINTIFFS*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADEL ALMAZNAI, MARINO CRUZ, ANDREW COELHO, HECTOR HERNANDEZ and FRANCISCO JABIER ROJAS.<br><br>Plaintiffs,<br><br>v.<br><br>S-L DISTRIBUTION COMPANY, LLC, a Delaware company, and SNYDER'S-LANCE, INC, a North Carolina company,<br><br>Defendants. | **CASE NO. 20-cv-08487-JST**<br><br>**FOURTH AMENDED COMPLAINT FOR DAMAGES**<br><br>**(1) REIMBURSEMENT OF BUSINESS EXPENSES (Cal. Labor Code § 2802);**<br><br>**(2) UNLAWFUL DEDUCTIONS FROM WAGES (Cal. Labor Code §§ 221, 223, 400-410);**<br><br>**(3) FAILURE TO PROVIDE MEAL PERIODS (Cal. Labor Code §§ 226.7, 512);**<br><br>**(4) FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS (Cal. Labor Code §§ 226.7, 1194);**<br><br>**(5) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Cal. Labor Code §§ 226, 226.3);**<br><br>**(6) CALIFORNIA UNPAID OVERTIME COMPENSATION (Cal. Labor Code §§ 410, 1194, *et seq.*, IWC Wage Order No. 1);** |

(7) FEDERAL UNPAID OVERTIME COMPENSATION, (FLSA, 29 U.S.C. §§ 207, 216);

(8) FAILURE TO PAY MINIMUM WAGES UNDER CALIFORNIA LAW (Cal. Labor Code §§ 1182.11, 1182.12, 1197, *et seq.*, IWC Wage Order No. 1);

(9) FAIULRE TO PAY MINIMUM WAGES UNDER FEDERAL LAW (FLSA, 29 U.S.C. §§ 206, 216)

(10) VIOLATIONS OF UCL (Bus. & Prof. Code § 17200 *et seq.*)

Plaintiffs, Adel Almaznai, Marino Cruz, Andrew Coelho, Hector Hernandez and Francisco Jabier Rojas ("Plaintiffs") allege the following.

## I. JURISDICTION

1. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Additionally, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, overtime and minimum wage claims alleged below. This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state overtime, minimum wage, expense reimbursement, and wrongful deduction and related claims alleged below, as they form part of the same case or controversy under Article III of the United States Constitution.

## II. VENUE AND INTRADISTRICT ASSIGNMENT

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff Adel Almaznai's claims occurred in the Counties of San Francisco and Contra Costa, and within the Division and Courthouse in which this action has been commenced.

## III. INTRODUCTION

3. This is an action for relief for wage and hour claims arising from Defendants' misclassification of Plaintiffs as "independent contractors." By misclassifying Plaintiffs as independent contractors, Defendants have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 1, §§ 8-9); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 1, § 11); the duty to authorize and permit paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC wage order No. 1, § 12); the duty to pay overtime premium pay under California state law (Cal. Labor Code §, IWC wage order No. 1) and under the FLSA (29 U.S.C. § 207); the duty to pay minimum

1 wage under California state law (Cal. Labor Code § 1182.12, IWC wage order No. 1) and under the
2 FLSA (29 U.S.C. § 206); and other legal obligations.

### IV. PARTIES

**A.     Plaintiffs**

4.     Plaintiff Adel Almaznai resides in Antioch, California (Contra Costa County). He has served as a driver for Defendants since approximately 2009. He has worked out of Defendants' facilities in Richmond, California (Contra Costa County) serving route stops in San Francisco. Plaintiff Almaznai has driven a box truck and a passenger van to carry out his duties for Defendants.

5.     Plaintiff Marino Cruz resides in Compton, California (Los Angeles County). He has served as a driver for Defendants since approximately 2004. He has worked out of Defendants' facilities in Pico Rivera, California (Los Angeles County) serving route stops in and around Compton. Plaintiff Cruz has driven a box truck and a personal passenger vehicle to carry out his duties for Defendants.

6.     Plaintiff Andrew Coelho resides in Big Bear City (San Bernardino County). He has served as a driver for Defendants since approximately January 1, 2001, serving route stops in the Big Bear area. Plaintiff Coelho has driven a small box truck and a personal passenger vehicle to carry out his duties for Defendants.

7.     Plaintiff Hector Hernandez resides in Ontario, California (San Bernardino County). He has served as a driver for Defendants since approximately 2002. He has served a route with stops in and around Rancho Cucamonga and Upland (San Bernardino County). Over the past several years, Plaintiff Hernandez has driven a cargo van to carry out his duties for Defendants.

8.     Plaintiff Francisco Jabier Rojas resides in Hughson, California (Stanislaus County). He served as a driver for S-L from approximately 2017 through approximately April 2018. He worked for S-L in and near Stanislaus County, California. Plaintiff Rojas drove a GMC Sierra to carry out his duties for Defendant.

**B.     Defendants**

9.     Defendant S-L Distribution Company, LLC is a Foreign Limited Liability Company formed in Delaware with its principal place of business in North Carolina.

- 2 -
FOURTH AMENDED COMPLAINT FOR DAMAGES

10. Defendant Snyder's-Lance, Inc. is a North Carolina corporation with its principal place of business in North Carolina.

## V.  STATEMENT OF FACTS

11. Defendant S-L Distribution Company, LLC ("S-L") is a "snack food wholesale distributor authorized to sell and distribute the Snyder's of Hanover and Lance brands of products and various other brands of snack products[.]" On its website, S-L describes itself as "a wholesale distributor of various snack food products manufactured by subsidiaries and affiliates of Snyder's-Lance, Inc.," and represents that it "provides wholesale distribution services to a variety of unrelated snack food companies known as Partner Brands to assist in a diverse portfolio of products for IDPs to grow their business."

12. On February 1, 2021, Defendant S-L was merged into Defendant Snyder's-Lance, Inc., and S-L no longer exists as a separate legal entity. Snyder's-Lance, Inc. has by operation of law assumed all previous legal rights and liability of Defendant S-L.

13. Defendants have relied on drivers such as Plaintiffs to deliver to and stock Defendants products at retail grocery store outlets. Plaintiffs carry out Defendants' distribution work—that is, ordering, delivering, stocking, and merchandising Defendants' products—and have been integral to the operations of Defendants' core business. The work that Plaintiffs have performed has been part of the usual course of Defendants' business.

14. The distributor agreement ("Agreement") between Plaintiffs and S-L requires Plaintiffs to meet and comply with "the needs, policies, procedures, requests and requirements of [S-L's] customers." The Agreement mandates that Plaintiffs provide S-L's customers, and S-L, with a "planned schedule for the distribution of sale of Products" to the customers within the territory and "promptly adjust the schedule to meet the needs, policies, procedures and requirements of its customers." Defendants have controlled the list of authorized products Plaintiffs may sell, the prices of those products, and the percentage of the sales price – i.e., the commission – Defendants have paid Plaintiffs per product. Defendants have had the discretion to remove authorized outlets from Plaintiffs' territories, for which they are not entitled to any compensation.

15. Defendants have retained and exercised pervasive control over their distribution operations, including by retaining and exercising such control over Plaintiffs. Defendants have defined Plaintiffs' territories, obtains the customers in need of service, controls what products are authorized for placement on its customer shelves, and has substantial control over the pricing of the products. Though the Agreement states that S-L will not supervise the distributors' work, Defendants' district sales managers (aka "market sales leaders") have in fact supervised Plaintiffs' work frequently. District sales managers have instructed Plaintiffs regarding what to order, ask where and when they will be servicing certain stores, and frequently check the customers' shelves. Defendants have given Plaintiffs disciplinary warnings based on Defendants' service expectations and issued breach letters for "out-of-stock." Defendants have threatened to terminate Plaintiffs' Distributor Agreements in the event they do not comply with Defendants' service expectations.

16. Defendants have passed on the cost of its business to Plaintiffs. For example, Defendants have required Plaintiffs to purchase product and assume ownership over it at the time it is received but does not allow them to return unsold product for a credit. Defendants have also charged Plaintiffs a Weekly Administrative Service Charge of $40 for "services, supplies, and lease of computer system." Plaintiffs are also responsible for the cost of operating their routes, including for all operating expenses and losses in using vehicles to service the routes, including fuel, repair, maintenance, insurance, and vehicle depreciation.

17. Plaintiffs have not provided distribution services to companies unaffiliated with Defendants. They have not solicited distribution work from companies unaffiliated with Defendants and have not customarily engaged in independent distribution businesses.

18. Throughout the covered period, Plaintiff Almaznai regularly worked six or seven days per week, and over 50 hours per week for Defendants.

19. Throughout the covered period, Plaintiff Cruz regularly worked six days per week, and over 60 hours per week for Defendants.

20. During the covered period, Plaintiff Coelho regularly worked six days per week, and over 40 hours per week for Defendants.

21. Until July 2017, Plaintiff Hernandez worked a large route, requiring him to regularly work more than five days a week and over 40 hours in week; since being required to sell that route back to Defendants and purchase a small route in July 2017, Plaintiff Hernandez's hours have decreased.

22. Throughout the covered period, Plaintiff Rojas regularly worked over 60 hours a week for S-L.

23. Because of the nature of their work, each of the Plaintiffs have not had the opportunity to take 30-minute off-duty lunch breaks regularly. Nor are they provided with paid, off-duty rest periods of 10 minutes in length.

24. During several weeks of the covered period, Plaintiffs have worked and did not receive compensation that, after deductions taken by Defendants and Plaintiffs' out-of-pocket expenses, did not meet minimum wage standards set by California law or by the FLSA.

## VI.   DAMAGES

25. As a direct, foreseeable, and proximate result of Defendants' conduct, Defendants owe Plaintiffs unreimbursed business expenses plus interest, repayment of unlawfully deducted wages plus interest, missed meal period compensation plus interest, missed paid rest period compensation plus interest, overtime premium pay plus liquidated damages, minimum wage pay plus liquidated damages, statutory penalties, and attorneys' fees and costs, the precise amount of which will be proven at trial.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### REIMBURSEMENT OF BUSINESS EXPENSES
#### (CAL. LABOR CODE § 2802)

26. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

27. While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs have incurred work-related expenses. Such expenses include but are not limited to the weekly administrative service charge; fuel, maintenance, and other vehicle operating costs; vehicle depreciation; various forms of insurance; cellular telephones; and the costs of unsold

product. Plaintiffs necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

28. Defendants have failed to indemnify or in any manner reimburse Plaintiffs for these expenditures and losses. By misclassifying Plaintiffs as "independent contractors," and further by requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated and continues to violate Cal. Labor Code § 2802.

29. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney fees for the prosecution of this action.

30. Plaintiffs request relief as described below.

## SECOND CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES
### (CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 1)

31. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

32. Cal. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

33. Cal. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

34. Cal. Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

35. IWC wage order No. 1, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

36. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

37. Defendants have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8 by unlawfully taking deductions from Plaintiffs' compensation to cover certain ordinary business expenses of Defendants, including but not limited to out-of-date snack items pulled from customers' stock, and shrink. Defendants have also deducted a weekly service charge for services, supplies, and use and maintenance of the computer system.

38. Because Defendants took unlawful deductions from Plaintiffs' compensation, they are liable to Plaintiffs for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8.

39. By unlawfully deducting wages and failing to pay Plaintiffs, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code §§ 218.5 and 1194.

40. Plaintiffs request relief as described below.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 1)

41. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

42. Plaintiffs have regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1, § 11(A).

43. Because Defendants failed to afford proper and timely meal periods, they are liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that

the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 1, § 11(B).

44. Plaintiffs request relief as described below.

## FOURTH CAUSE OF ACTION

**FAILURE TO PAY EMPLOYEES FOR REST BREAKS**
**(CAL. LABOR CODE §§226.7, 1194 AND 1194.2, IWC WAGE ORDER NO. 1)**

45. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

46. IWC Wage Order No. 1, §12(A), provides in pertinent part as follows: "Every employer shall authorize and permit all employees to take rest periods . . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

47. Plaintiffs were compensated for delivering snack items based on Defendants' determination of a commission, and Plaintiffs were not separately compensated for taking duty-free rest periods.

48. Plaintiffs were unable to deliver snack items and/or earn a commission while taking duty-free rest periods, and therefore were precluded from earning compensation during any time during which they managed to take a duty-free rest period.

49. Defendants failed to authorize and permit Plaintiffs to take a ten-minute paid rest period for each four hours of work or major fraction thereof.

50. Thus, Plaintiffs regularly worked in excess of three and a half hours a day without being provided at least one paid 10-minute rest period in which they were relieved of all duties, as required by Cal. Labor Code § 226.7, and IWC wage order No. 1, §12(A).

51. Thus, Plaintiffs regularly worked in excess of six hours a day without being provided at least two paid 10-minute rest periods in which they were relieved of all duties, as required by Cal. Labor Code § 226.7 and IWC wage order No. 1, §12(A).

52. Because Defendants have failed to authorize and permit Plaintiffs compliant rest periods, they are liable to Plaintiffs for one hour of additional pay at the regular rate of

1  compensation for each workday that the compliant rest periods were not provided, penalties, and
2  interest, pursuant to Cal. Labor Code §§ 226.7(b), and IWC wage order No. 1, §12(B).

3  53. Plaintiffs request relief as described below.

### FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 1)

54. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

55. Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

56. Defendants have knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B). As a result, Defendants are liable to Plaintiffs for the amounts provided by Cal. Labor Code § 226(b) and for penalties, and attorneys' fees.

57. Plaintiffs request relief as described below.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (CAL. LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 1)

58. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

59. Plaintiffs regularly worked over eight hours in a day and over 40 hours in a week while serving as Defendants drivers, for which Defendants have not paid them overtime premium compensation.

60. By failing to pay overtime compensation to Plaintiffs, as alleged above, Defendants have violated Cal. Labor Code § 510 et. seq. and IWC wage order No. 1, § 3.

61. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

62. Plaintiffs request relief as described below.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PAY FEDERAL OVERTIME COMPENSATION
(FLSA, 29 U.S.C. §§ 207, 216)

63. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

64. Over the past three years, Plaintiffs Almaznai, Cruz, and Coelho regularly or at least frequently worked over 40 hours in a week while serving as Defendants' drivers, for which Defendants did not pay them overtime premium compensation.

65. By failing to pay overtime compensation to Plaintiffs Almaznai, Cruz, and Coelho as alleged above, Defendants have violated the FLSA, 29 U.S.C. § 207.

66. The FLSA, 29 U.S.C. § 216(b), allows for an employee to recover their unpaid overtime premium pay and an equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

67. As a result of Defendants' unlawful acts, Plaintiffs Almaznai, Cruz, and Coelho have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages and/or interest thereon, and attorneys' fees and costs, under 29 U.S.C. § 216.

68. Plaintiffs Almaznai, Cruz, and Coelho request relief as described below.

### EIGHTH CAUSE OF ACTION

### FAILURE TO PAY CALIFORNIA MINIMUM WAGE
(CAL. LABOR CODE §§ 1182.1, 1182.12, 1194, 1197, *ET SEQ.*, IWC WAGE ORDER NO. 1, SAN FRANCISCO MINIMUM WAGE ORDINANCE)

69. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

70. Calif. Labor Code §§ 1182.11, 1182.12, 1194, and 1197, Calif. IWC Wage Order No. 1, § 4, the California Minimum Wage Order, and the San Francisco Minimum Wage Ordinance, all require that employees receive the minimum wage for all hours worked.

71. California Labor Code § 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

72. IWC Wage Order No. 15, § 4(A) provides that every employer who employs 26 or more employees shall pay to each employee wages not less than the following: (a) Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017; (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018; (c) Twelve dollars ($12.00) per hour for all hours worked, effective January 1, 2019; and Thirteen dollars ($13.00) per hour for all hours worked, effective January 1, 2020.

73. Plaintiff Almaznai has been covered by the San Francisco Minimum Wage Ordinance, San Francisco Administrative Code, Chapter 12R.4, which provides in relevant part that "(a) Employers shall pay Employees no less than the Minimum Wage for each hour worked within the geographic boundaries of the City. (1) Except as provided in subsection 12R.4(b), the Minimum Wage paid to Employees shall be as follows: (A) Beginning on May 1, 2015, the Minimum Wage shall be an hourly rate of $12.25. (B) Beginning on July 1, 2016, the Minimum Wage shall be an hourly rate of $13.00. (C) Beginning on July 1, 2017, the Minimum Wage shall be an hourly rate of $14.00. (D) Beginning on July 1, 2018, the Minimum Wage shall be an hourly rate of $15.00. (E) Beginning on July 1, 2019, and each year thereafter, the Minimum Wage shall increase by an amount corresponding to the prior year's increase, if any, in the Consumer Price Index for urban wage earners and clerical workers for the San Francisco-Oakland-San Jose, CA metropolitan statistical area, as determined by the Controller." The San Francisco Minimum Wage beginning on July 1, 2019 was $15.59.

74. Calif. Labor Code § 1194 entitles an employee receiving less than the legal minimum wage to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

75. Calif. Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

76. During several weeks during the covered period, Plaintiffs have worked for Defendants but the compensation they received during those weeks, after deductions taken by Defendants and net of Plaintiffs' out-of-pocket expenses incurred in performing the work, fell below California's minimum wage requirements applicable at the time the work was performed.

77. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of wages owed them in an amount to be determined at trial, and, under Calif. Labor Code § 1194, are entitled to recover of such amount, plus interest thereon, liquidated damages, attorneys' fees and costs and such other legal and equitable relief as the Court deems just and proper.

78. Plaintiffs request relief as described below.

### NINTH CAUSE OF ACTION
### FAILURE TO PAY FEDERAL MINIMUM WAGE
### (FLSA, 29 U.S.C. §§ 206, 216)

79. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

80. The FLSA, 29 U.S.C. § 206, requires that employees receive the minimum wage for all hours worked.

81. The FLSA, 29 U.S.C. § 216(b), allows for an employee to recover their unpaid minimum wages and an equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

82. During several weeks during the covered period, Plaintiffs Almaznai, Cruz, Coelho, and Hernandez have worked for Defendants but the compensation they received during those weeks, after deductions taken by Defendants and net of Plaintiffs' out-of-pocket expenses incurred in performing the work, fell below California's minimum wage requirements applicable at the time the work was performed.

83. As a result of Defendants' unlawful acts, Plaintiffs Almaznai, Cruz, Coelho, and Hernandez have been deprived of overtime compensation in an amount to be determined at

trial, and are entitled to recovery of such amounts, plus liquidated damages and/or interest thereon, and attorneys' fees and costs, under 29 U.S.C. § 216.

84. Plaintiffs Almaznai, Cruz, Coelho, and Hernandez request relief as described below.

## TENTH CAUSE OF ACTION

**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

85. The allegations in all of the preceding paragraphs are re-alleged and incorporated herein by reference.

86. Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

87. Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

88. Beginning at an exact date unknown to Plaintiffs, but at least since approximately January 2016, Defendants have improperly, fraudulently, and unlawfully classified their Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

   a. failing to indemnify Plaintiffs for employment-related business expenses and losses;

   b. improperly and unlawfully making deductions from Plaintiffs' compensation because of the return out-of-date product, work-related expenses and losses not attributable to Plaintiffs' dishonest or willful act, or to the gross negligence of the Plaintiffs, as described above;

   c. failing and refusing to provide meal periods to Plaintiffs;

   d. failing to authorize and permit paid rest periods to Plaintiffs;

   e. unlawfully deducting money from wages owed to Plaintiffs;

   f. failing to provide accurate itemized wage statements to Plaintiffs;

   g. failing to pay overtime compensation to Plaintiffs as required under California state law;

   h. failing to pay overtime compensation to Plaintiffs as required under the FLSA;

      i.      failing to pay minimum wage to Plaintiffs as required under California and local law and the FLSA;

      j.      by intentionally, recklessly and/or negligently misrepresenting to Plaintiffs the true nature of their employment status; and

      k.      willfully and unlawfully misclassifying Plaintiffs as independent contractors in violation of California Labor Code § 226.8 & and IWC Wage Order No. 1.

89. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Cal. Business and Professions Code § 17200.

90. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs. As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, compensation for missed meal periods and rest breaks. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, meal and rest period compensation, and interest accrued by Plaintiffs.

91. Plaintiffs are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, meal and rest period compensation, and interest since January 2012.

92. Plaintiffs are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

93. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

94. As a direct and proximate result of the unfair business practices described above, Plaintiffs have all suffered significant losses and Defendants have been unjustly enriched.

95. Pursuant to Cal. Business & Prof. Code §17203, Plaintiffs are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts

1  not yet ascertained but to be ascertained at trial; (b) a declaration that Defendants' business practices
2  are unfair within the meaning of the statute.

3      96.    Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

7      97.    Plaintiffs request relief as described below.

### VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request relief as follows:

A. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

    1.    Cal. Labor Code § 2802 by failing to indemnify Plaintiffs for all necessarily incurred business expenses and losses;

    2.    Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 1, by making unlawful deductions from the compensation paid to Plaintiffs for ordinary business expenses and losses without a showing that the expenses and/or losses were due to Plaintiffs dishonest or willful act, or to their gross negligence;

    3.    Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1 by failure to provide off-duty meal periods to Plaintiffs;

    4.    Cal. Labor Code §§ 226.7 and 1194, and IWC wage order No. 1 by failure to authorize and permit paid rest periods to Plaintiffs;

    5.    Cal. Labor Code § 226 and IWC wage order No. 1, § 7(B), by failing to provide Plaintiffs with itemized statements of total hours worked with each payment of wages;

    6.    Cal. Labor Code §§ 510, 1194, et seq., and IWC wage order No. 1 by failing to pay proper overtime compensation to Plaintiffs;

    7.    FLSA, 29 U.S.C. §§ 207 and 216 by failing to pay proper overtime compensation to Plaintiffs.

1         8.     Cal. Labor Code §§ 1187.1, 1187.12, 1194, 1197.1, et seq., and IWC wage orders No. 1 and California's Minimum Wage Order by failing to pay minimum wages to Plaintiffs;

        9.     FLSA, 29 U.S.C. §§ 206 and 216 by failing to pay minimum wages to Plaintiffs.

        10.    Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Plaintiffs for necessarily incurred business expenses, by requiring Plaintiffs to indemnify Defendants for ordinary business losses, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiffs, by failing to authorize and permit paid rest breaks and/or missed rest break compensation to Plaintiffs, by failing to provide Plaintiffs with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Plaintiffs; by failing to pay Plaintiffs overtime premium pay as required by California law and the FLSA; and by failing to pay Plaintiffs the applicable minimum wages under California law and the FLSA.

B.     A declaratory judgment that Defendants' violations as described above were willful;

C.     An award to Plaintiffs of damages in the amount of necessarily incurred business expenses, amounts unlawfully deducted from wages, overtime compensation, meal and rest period compensation, minimum wages, liquidated damages, and interest thereon, subject to proof at trial;

D.     An award to Plaintiffs of statutory penalties because of Defendants' failure to provide Plaintiffs with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

E.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failure to reimburse for business expenses, failure to pay all accrued wages, amounts unlawfully deducted from wages, failure to pay legally required meal and rest period pay, overtime premium pay, minimum wages, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

F.   An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802, 29 U.S.C. § 216(b), and/or other applicable law; and

G.   An award to Plaintiffs of such other and further relief as this Court deems just and proper.

DATED:  July 26, 2021                    LEONARD CARDER, LLP

                                         By: */s/Aaron Kaufmann*
                                             AARON KAUFMANN

                                         *Attorneys for PLAINTIFFS*